IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER GRIGG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MATTHEW CUFFE,<br><br>　　　　Defendant. | CV 22-102-M-DLC-KLD<br><br>ORDER and FINDINGS AND RECOMMENDATION |

On June 7, 2022, pro se Plaintiff Peter Grigg filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against Montana Nineteenth Judicial District Court Judge, Matthew Cuffe. (Doc. 2).

I.　**Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On June 7, 2022, Grigg completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc.1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

1

## II. Screening Requirement

Because Grigg is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any

doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. *See e.g. Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III. Analysis

Grigg brings this action under 42 U.S.C. § 1983 against Judge Cuffe in his official capacity. (Doc. 2, at 2). Grigg alleges federal and state constitutional violations related to Grigg's dissolution of marriage proceedings, over which Judge Cuffe presided. (Doc. 2, at 4). However, it is well established that a judge is absolutely immune from suit for judicial actions undertaken in the course of his official duties in connection with a case, unless the judge acts outside of his judicial capacity or in the complete absence of jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity is not overcome "even when the judge is

accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that the doctrine of judicial immunity exists to benefit the public because "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption").

Liberally construed, Grigg appears to allege that Judge Cuffe acted with "bias, discrimination, [and] extreme prejudice" during the dissolution proceedings; denied Grigg a fair hearing by dismissing all of his motions, appeals, and objections because he was representing himself pro se; improperly recused himself; and awarded "excessive punishment."[1] (Doc. 2, at 4–5). Taking these allegations as true, all of Judge Cuffe's actions in Grigg's dissolution proceedings are unquestionably judicial acts done within his general jurisdiction as a state district court judge. Accordingly, Judge Cuffe is entitled to judicial immunity.

The Court concludes that the deficiencies set forth above cannot be cured by the allegation of additional facts and amendment would be futile. Therefore, the Court recommends Grigg's Complaint be dismissed with prejudice.

For the reasons discussed above, the Court enters the following:

---

[1] Grigg appears to allege that Judge Cuffe's order requiring the sale of the marital estate caused Grigg to be homeless. (Doc. 2, at 5).

## ORDER

IT IS ORDERED that Grigg's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on June 7, 2022.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.  Grigg's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.  The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Grigg may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

//

//

<u>Grigg must immediately advise the Court of any change in his mailing address</u>. Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of December, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge